## Andrew Byars v. The State.

### No. 3345. Decided December 9, 1914.

### Rehearing denied January 6, 1915.

**1.—Assault to Murder—Continuance—Want of Diligence.**

Where, upon trial of assault to murder, the application for continuance did not show due diligence, and in view of the motion for new trial the undisputed evidence showed that the proposed testimony of the absent witness is

contradicted by the physical facts in the case, and the facts expected to be proved are not stated except upon information ard no attempt is made to show from whom defendant received such information, the application for continuance and the motion for new trial were properly overruled.

### 2.—Same—Sufficiency of the Evidence.

Where, upon trial of assault to murder, the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Colorado. Tried below before the Hon. M. Kennon.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*P. P. Putney* and *Barber & Johnson,* for appellant.—On question of continuance: Kelley v. State, 24 S. W. Rep., 295; Cline v. State, 71 S. W. Rep., 23; Perez v. State, 87 S. W. Rep., 350; Yantis v. State, 49 Texas Crim. Rep., 400, 94 S. W. Rep., 1019; Fulkerson v. State, 57 Texas Crim. Rep., 80, 121 S. W. Rep., 1111; Simmons v. State, 58 Texas Crim. Rep., 574, 126 S. W. Rep., 1157; Wynne v. State, 59 Texas Crim. Rep., 126, 127 S. W. Rep., 213.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of assault to murder, his punishment being assessed at two years confinement in the penitentiary.

The court refused appellant's first application for a continuance, based on the absence of the witness Ned Morris. The application states that appellant expected to prove by the witness "as follows, towit: That the said witness was an eyewitness to the shooting; that the said witness will testify, so defendant has been informed, that the assaulted party, Ben Kennon, was the aggressor in the difficulty. That he made threatening remarks to the defendant and was in a position, and making gestures as if he meant to execute said threats, to do the defendant, Andrew Byars, serious bodily injury, before the defendant, Andrew Byars, shot him. That the said witness will testify further, so the defendant has been informed, that Ben Kennon was advancing upon and towards the defendant in an angry manner, with his right hand in his pocket and his left hand raised as if to ward off any blow which might be given him by the defendant; and will testify further that defendant made no further attempt to shoot after Ben Kennon retreated." The bill of exceptions is approved with the statement "that the application for continuance does not show due diligence, and in view of the motion for new trial to be heard, the undisputed evidence shows that the proposed testimony of the absent witness is contradicted by the physical fact of the bullet."

It will be noticed that the facts expected to be proved are not stated, except upon information. Appellant nowhere in the application, nor

attached to it, shows or attempts to show from whom he received such information. If appellant had been informed that the absent witness would testify as indicated, his source of information should have been stated and verified. As to diligence, the application alleges that the absent witness resided in Colorado County, and that appellant thought his attorney of record appeared before the clerk of the court and made application for subpoena for the said witness Ned Morris, as the law requires to be done, on the 23d day of September, 1914, which application is here referred to and made a part of this application commanding the said witness Ned Morris to appear before the court on the 28th day of September, 1914, at 10 o'clock a. m., to testify in behalf of the defendant. That this subpoena was turned over to the sheriff of Colorado County, and was by him, "returned into this court with the following return marked thereon, 'Can not be found.'" The indictment was returned into court on the 19th of the month. Under this allegation the process was issued on the 23d of September, returnable on the 28th. The case was tried on the 29th of September. At what time the sheriff made the return is not stated—in fact, the above is the showing made on the face of the motion. We are of opinion this was not sufficient diligence. If the process had been returned on the 24th, and the case set for the 28th, further steps would be necessary and an attempt at diligence would have demanded that other process be issued at once. The sheriff's return does not show what diligence was exercised on his part to secure the witness, but he simply returns the process stating witness can not be found. Appellant could have ascertained from the sheriff any fact that he knew about the witness, if he knew anything, or had heard anything of his whereabouts, or could have had the return amended so as to indicate where the witness could be found if the sheriff knew anything of it. But none of this was done. The bill was accepted by appellant as qualified by the court. If the physical facts were such that Kennon was not approaching appellant or was not doing what appellant said he was informed that Morris would testify, then his testimony would not be material. However, from any viewpoint we are of opinion the diligence is not sufficient, nor is the statement with reference to the testimony expected to be shown so stated as to be positive in their character that Morris would swear to such facts; nor does he state the means of information upon which he predicates his statement.

The only other question presented in the motion is want of sufficient evidence to justify the verdict. The State's evidence is amply sufficient to justify the verdict. It is unnecessary to repeat or discuss it.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 6, 1915.—Reporter.]